IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>COGENT INSIGHTS LICENSING INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br><br>_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
<u>PATENT NON-INFRINGEMENT</u>**

Plaintiff Hisense USA Corporation ("Hisense") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant Cogent Insights Licensing Inc. ("Cogent") and in support of its Complaint alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, that Hisense's products do not infringe any claims of U.S. Patent No. 9,794,797 ("the '797 patent," Exhibit 1), which Cogent contends it owns.

2. On December 8, 2025, Cogent, through its counsel, sent a Notice of Infringement (the "Notice Letter," Exhibit 2) to Hisense.

3. The Notice Letter explicitly accused Hisense of infringing the '797 patent by "making, using, selling, importing, and/or offering for sale" products that comply with the IEEE 802.11ax (Wi-Fi 6) standard.

1

4. Cogent's Notice Letter specifically identified the "Hisense 110 UX Series Championship Edition TV" as an "Accused Product" and implied other Hisense Wi-Fi 6-enabled devices also infringe.

5. Hisense believes that it does not infringe and has not infringed any claims of the '797 patent.

6. Cogent's actions, including the provision of a detailed claim chart and explicit accusations of infringement, have created a real and immediate controversy between Cogent and Hisense as to whether Hisense's products infringe any claims of the '797 patent.

7. On December 18, 2025, Cogent filed several patent infringement suits asserting the '797 patent against several different defendants.

8. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy between Hisense and Cogent as to whether the '797 patent has been infringed by Hisense.

## **PARTIES**

9. Plaintiff Hisense is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 7310 McGinnis Ferry Road, Suwanee, Georgia 30024.  In or about January 2026, Hisense's principal place of business will move to 5995 Windward Parkway, Suite 500-A, Alpharetta, Georgia 30005.

10. Upon information and belief, Defendant Cogent is a corporation organized and existing under the laws of Canada, with its principal place of business at 471 Baker Street, Nelson, BC V1L 4H7.

## JURISDICTION AND VENUE

11. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

12. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is also proper because Hisense is a citizen of this State and Cogent is a Canadian corporation and the value of the controversy exceeds $75,000.

13. This Court has personal jurisdiction over Cogent by virtue of its sufficient minimum contacts with this forum and the United States as a whole.

14. Cogent has purposefully availed itself of the privileges of conducting business in the United States by acquiring U.S. patent rights and directing enforcement activities at Plaintiff Hisense, a resident of this District. Specifically, Cogent sent a Notice of Infringement dated December 8, 2025, to Hisense's headquarters in Suwanee, Georgia, explicitly accusing Hisense of infringing the '797 patent and demanding licensing negotiations.

15. Alternatively, because Cogent is a foreign entity not subject to jurisdiction in any other state's courts of general jurisdiction, and because the exercise of jurisdiction is consistent with the United States Constitution and laws, personal jurisdiction over Cogent is proper under Federal Rule of Civil Procedure 4(k)(2).

16. Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(c)(3) because Cogent is a foreign entity not resident in the United States and may therefore be sued in any judicial district. Additionally, Plaintiff Hisense resides in this District.

## FACTS

17. On December 8, 2025, Cogent sent the Notice Letter to Hisense via Federal Express and email.

18. The Notice Letter asserts that Hisense infringes the '797 patent.

19. The Notice Letter included a claim chart purporting to map Claim 1 of the '797 patent to the IEEE 802.11ax (*i.e.,* Wi-Fi 6) standard.

20. Cogent alleged that specific features of the IEEE 802.11ax standard, such as "spatial reuse" and "beamforming," satisfy the specific limitations of the '797 patent claims.

21. Hisense believes and asserts that it does not infringe and has not infringed any claims of the '797 patent.

# COUNT ONE
### Declaratory Judgment of Non-Infringement of the '797 Patent

22.     Hisense has not infringed and does not infringe any claims of the '797 patent either directly or indirectly (contributorily or by inducement), literally or under the doctrine of equivalents, including by making, using, importing into the United States, selling, and/or offering for sale any Hisense-branded products.

23.     Cogent accuses Hisense of infringing claim 1 of the '797 patent which recites the following:

> 1. A wireless network node of a wireless network, comprising:
> (a) an antenna system, configured to: communicate through a communication channel, having a directional radiation pattern with an alterable directional vector having at least a first state and a second state which differ in at least the alterable directional vector and corresponding spatial characteristics, and
> (b) an automated controller, configured to:
>   (i) conduct an automated negotiation with a remote wireless communication device, which employs game theoretic decision-making to self-organize the wireless network, by communications through the antenna system, relating to a conduct of communications which have a first potential interference with respect to the communication channel when the alterable directional vector is in the first state and a second potential interference when the alterable directional vector is in the second state, the first potential interference being different from the second potential interference, to select one of the first state and the second state in dependence on the automated negotiation;
>   (ii) define the alterable directional vector of the antenna system to selectively assume the directional radiation pattern having selected one of the first state and the second state; and
>   (iii) control a communication through the communication

channel with the alterable directional vector in the assumed directional radiation pattern having the selected one of the first state and the second state.

24. Contrary to Cogent's allegations, Hisense's products do not infringe claim 1 of the '797 patent at least because the Hisense products do not include an automated controller configured to "conduct an automated negotiation with a remote wireless communication device, which employs game theoretic decision-making to self-organize the wireless network, by communications through the antenna system, relating to a conduct of communications which have a first potential interference with respect to the communication channel when the alterable directional vector is in the first state and a second potential interference when the alterable directional vector is in the second state," or configured to "self-organize the wireless network" via game theoretic decision-making, or to "select one of the first state and the second state in dependence on the automated negotiation," as required by claim 1.

25. Accordingly, at least for the above reasons, Hisense's products do not infringe the asserted claims of the '797 patent either literally or under the doctrine of equivalents.

26. Hisense also has not and does not induce infringement of the '797 patent because there is no underlying direct infringement of the asserted claims for at least the reasons stated above, and also because Hisense has not acted with specific intent necessary for induced infringement.

27. Hisense also does not contributorily infringe the '797 patent because there is no underlying direct infringement of the asserted claims for at least the reasons stated above, and also because Hisense did not sell or offer to sell any products "knowing the same to be especially made or especially adapted for use in an infringement of [the '797] patent." 35 U.S.C. § 271(c).

28. As set forth above, there exists an actual controversy between Hisense and Cogent with respect to alleged infringement of the '797 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to whether Hisense infringes the '797 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the Parties with respect to the '797 patent.

29. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of any asserted claims of the '797 patent. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '797 patent.

## PRAYER FOR RELIEF

Hisense respectfully requests the following relief:

A. That the Court enter a judgment declaring that Hisense has not infringed and does not infringe any asserted claim of the '797 patent either directly or indirectly;

B.  That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Hisense its attorneys' fees, costs, and expenses incurred in this action;

C.  That the Court award Hisense any and all other relief to which Hisense may show itself to be entitled; and

D.  That the Court award Hisense any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Hisense demands a trial by jury of all issues so triable.

Respectfully submitted this 29th day of December 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Gavin M. Childers*
Linda A. Klein
Georgia Bar No. 425069
lklein@bakerdonelson.com
Gavin M. Childers
Georgia Bar No. 234747
gchilders@bakerdonelson.com
3414 Peachtree Rd, NE, Suite 1500
Atlanta, Georgia 30326
Telephone: (404) 577-6000

**PERKINS COIE LLP**

Patrick McKeever (Pro hac vice forthcoming)
PMcKeever@perkinscoie.com
Wei Yuan (Pro hac vice forthcoming)
WYuan@perkinscoie.com

11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799
*Attorneys for Plaintiff Hisense USA Corporation*

9